## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  06- |
| v. | : | DATE FILED: _____ |
| LAWRENCE MARABLE | : | VIOLATIONS: |
| DEBORAH POWELL | : | 18 U.S.C.  § 371 (conspiracy to steal union funds in special territorial jurisdiction- 1 count) |
| | : | 18 U.S.C. § 661 (theft of union funds in special territorial jurisdiction - 5 counts) |
| | : | 18 U.S.C. § 1001 (making false statements on labor organization annual report - 1 |
| | : | count) |

### INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

#### The Union

At all times material to this indictment:

1.      The American Federation of Government Employees ("AFGE"), Local

Union #1793 ("Local 1793" or "the union") was a "labor organization" as defined by the Civil

Service Reform Act of 1978.  Local 1793 had over 300 members, all of whom were federal

employees working in technical, clerical, maintenance and support positions at the Veterans

Administration Medical Center ("VAMC") at University and Woodland Avenues in

Philadelphia, Pennsylvania.   All members of Local 1793 paid dues, which were deducted from

their paychecks.  The Local 1793 offices were located at the VAMC in Philadelphia, which is

within the special territorial jurisdiction of the United States.

2.     Local 1793 was subject to the Constitution of the AFGE, as well as its own bylaws.   The Local 1793 bylaws provided for officers to be elected, including the positions of president, secretary/treasurer, several vice presidents,, and a sergeant at arms.  These elected officers constituted the Executive Board or Committee.

3.     Under the Local 1793 bylaws, the president's fiduciary duties included serving as the executive officer of Local 1793, presiding at all Local 1793 meetings, planning and pursuing polices to promote the welfare of Local 1793, signing all documents pertaining to the office of president, and counter-signing all checks for Local 1793 expenses.

4.     Under the Local 1793 bylaws, the treasurer's fiduciary duties included making financial reports at the regular meetings of Local 1793, receiving all monies and dues paid into Local 1793, properly recording and accounting for all receipts, checks, and cash disbursements, keeping the financial records of Local 1793 under lock and key, depositing money into the bank account of Local 1793, and signing all checks for Local 1793 expenses.

5.     Under the Local 1793 bylaws, payment of bills by the treasurer were to be authorized by Local 1793 and expenditures by the Executive Committee (the elected officers) in excess of $500 were to be approved by the Local 1793 membership.

6.     Local 1793 derived its operating funds almost exclusively from dues check-off checks mailed every two weeks from the Veterans Administration Finance Center to Local 1793's offices at the VAMC in Philadelphia.  These dues check-off checks represented the dues deducted from the members' paychecks.

7.     Local 1793 maintained a business checking account at First Union National Bank.

8.      On or about April 10, 1995, Local 1793 opened a Shop Stewards account at the VA Federal Credit Union, which had its business office on the same floor as the office of Local 1793 at the VAMC.   The Local 1793 union stewards raised money for that account for union steward training and education.

9.      In or about June 2000, the Shop Stewards account that was opened in 1995 was closed, and another Shop Stewards account was opened at the VA Federal Credit Union.

## The Defendants

10.      Defendant **LAWRENCE MARABLE** held the office of president of Local 1793 from 1990 until 2003.

11.      Defendant **LAWRENCE MARABLE** had a personal account at the VA Federal Credit Union.

12.      Defendant **DEBORAH POWELL** held the office of secretary/treasurer of Local 1793 from 1996 until December 2002.

13.      Defendant **DEBORAH POWELL** had a personal account at the VA Federal Credit Union.

## The Conspiracy

14.      From in or about April 1997 through in or about April 2002, in the Eastern District of Pennsylvania and elsewhere, defendants

**LAWRENCE MARABLE and
DEBORAH POWELL**

knowingly and willfully conspired and agreed together to commit an offense against the United States, that is, to take and carry away, with intent to steal and purloin, the personal property of

-3-

another, that is, at least approximately $187,000.00 from Local 1793, within the special maritime and territorial jurisdiction of the United States, that is from Local 1793's office at the VAMC, in violation of Title 18, United States Code, Section 661.

## MANNER AND MEANS

It was a part of the conspiracy that:

15.    Defendants LAWRENCE MARABLE and DEBORAH POWELL stole union dues paid by the members of Local 1793 by depositing union dues checkoff checks into their personal accounts and other accounts which defendants MARABLE and POWELL controlled and purchasing money orders payable to themselves and others with funds from unions dues checkoff checks.

16.    Defendants LAWRENCE MARABLE and DEBORAH POWELL also stole funds from Local 1793 by writing and co-signing checks drawn on Local 1793's business checking account made payable to themselves, without authorization from Local 1793 and without supporting documentation of any actual expenditure on behalf of Local 1793.

17.    Defendants LAWRENCE MARABLE and DEBORAH POWELL concealed their thefts of funds from Local 1793 by failing to properly record and account for all receipts and disbursements for Local 1793 and by falsifying documents, including reports that were required by law to be filed with the United States Department of Labor.

## OVERT ACTS

In furtherance of the conspiracy, defendants LAWRENCE MARABLE and DEBORAH POWELL committed the following overt acts in the Eastern District of Pennsylvania and elsewhere:

-4-

1.      From on or about April 25, 1997 to on or about March 26, 2000, without authorization from Local 1793, defendants LAWRENCE MARABLE and DEBORAH POWELL deposited at least 31 union dues check-off checks made payable to AFGE - Local 1793, totaling at least approximately $117,365.00, into the Local 1793 Shop Stewards account at the VA Federal Credit Union, and then withdrew funds from that account by purchasing, with those funds, money orders payable to themselves and others, totaling at least approximately $117,365.00.

2.      On or about July 12, 2000 and on or about May 4, 2001, without authorization from Local 1793, defendants LAWRENCE MARABLE and DEBORAH POWELL deposited union dues check-off checks made payable to AFGE - Local 1793, in the amounts of $3,760.50 and $4,002.00, into defendant POWELL's account at the VA Federal Credit Union.

3.      From on or about September 7, 2000 to on or about September 6, 2001, without authorization from Local 1793, defendant LAWRENCE MARABLE and defendant DEBORAH POWELL deposited 11 union dues check-off checks made payable to AFGE - Local 1793, totaling at least approximately $43,159.50, into defendant MARABLE'S account at the VA Federal Credit Union.

4.      On or about October 5, 2001, without authorization from Local 1793, defendant LAWRENCE MARABLE and defendant DEBORAH POWELL deposited a union dues check-off check made payable to AFGE - Local 1793 in the amount of $3,933.00, into defendant MARABLE's account at the VA Federal Credit Union.

5.      On or about October 19, 2001, defendants LAWRENCE MARABLE and DEBORAH POWELL, without authorization from Local 1793 and without documentation to support any expenditure on behalf of Local 1793, paid $730.85 to defendant MARABLE by issuing a check drawn on Local 1793's business checking account to defendant MARABLE, co-signed by defendants MARABLE and POWELL.

6.      On or about October 31, 2001, without authorization from Local 1793, defendant LAWRENCE MARABLE and defendant DEBORAH POWELL deposited a union dues check-off check made payable to AFGE - Local 1793 in the amount of $3,910.00 into defendant MARABLE's account at the VA Federal Credit Union.

7.      On or about November 19, 2001, defendants LAWRENCE MARABLE and DEBORAH POWELL, without authorization from Local 1793 and without documentation to support any expenditure on behalf of Local 1793, paid $720.00 to defendant MARABLE by issuing a check drawn on Local 1793's business checking account to defendant MARABLE, co-signed by defendants MARABLE and POWELL and with a notation for "Food for Thanksgiving Baskets 'Donations.'"

8.      On or about November 28, 2001, without authorization from Local 1793, defendant LAWRENCE MARABLE and defendant DEBORAH POWELL deposited a union dues check-off check made payable to AFGE - Local 1793 in the amount of $3,910.00 into defendant MARABLE's account at the VA Federal Credit Union.

9.      On or about December 18, 2001, defendants LAWRENCE MARABLE and DEBORAH POWELL, without authorization from Local 1793 and without documentation

to support any expenditure on behalf of Local 1793, issued a check from Local 1793's business checking account to defendant POWELL for $480.00 with a notation of "Gift Baskets."

       10.    On or about December 18, 2001, without authorization from Local 1793, defendant LAWRENCE MARABLE and defendant DEBORAH POWELL deposited a union dues check-off check made payable to AFGE - Local 1793, in the amount of $3,921.50, into defendant POWELL's account at the VA Federal Credit Union, and purchased, with funds from that account, 5 money orders, totaling $3,921.50, made payable to defendant MARABLE.

       11.    On or about January 16, 2002, defendants LAWRENCE MARABLE and DEBORAH POWELL, without authorization from Local 1793 and without documentation to support any expenditure on behalf of Local 1793, issued a check from Local 1793's business checking account to defendant MARABLE for $1,042.00.

       12.    On or about February 8, 2002, defendants LAWRENCE MARABLE and DEBORAH POWELL, without authorization from Local 1793 and without documentation to support any expenditure on behalf of Local 1793, issued a check from Local 1793's business checking account to defendant MARABLE for $602.00 with a notation of "Office Materials & Supplies."

       13.    On or about February 20, 2002, defendants LAWRENCE MARABLE and DEBORAH POWELL, without authorization from Local 1793 and without documentation to support any expenditure on behalf of Local 1793, issued a check from Local 1793's business checking account to defendant MARABLE for $1,047.00.

       14.    On or about February 22, 2002, defendants LAWRENCE MARABLE and DEBORAH POWELL, without authorization from Local 1793 and without documentation to

support any expenditure on behalf of Local 1793, issued a check from Local 1793's business checking account to defendant POWELL for $664.00 with a notation of "Folders & Office Supplies."

   15. On or about March 22, 2002, without authorization from Local 1793, defendant LAWRENCE MARABLE and defendant DEBORAH POWELL deposited a union dues check-off check made payable to AFGE - Local 1793 in the amount of $4,002.00 into defendant MARABLE's account at the VA Federal Credit Union.

   16. On or about April 8, 2002, defendants LAWRENCE MARABLE and DEBORAH POWELL, without authorization from Local 1793 and without documentation to support any expenditure on behalf of Local 1793, issued a check from Local 1793's business checking account to defendant POWELL for $600.00 with a notation of "Office Equipment."

   17. On or about April 18, 2002, defendants LAWRENCE MARABLE and DEBORAH POWELL, without authorization from Local 1793 and without documentation to support any expenditure on behalf of Local 1793, issued a check from Local 1793's business checking account to defendant MARABLE for $302.00 with a notation of "Travel 'Meals.'"

   18. On or about April 18, 2002, to conceal their theft of funds from Local 1793, defendants LAWRENCE MARABLE and DEBORAH POWELL made false statements on Form LM-3, Labor Organization Annual Report, concerning the assets of Local 1793, by stating that the cash held by Local 1793 as of December 31, 2001 was $45,930, when defendants MARABLE and POWELL knew that the cash held by Local 1793 at that time was only approximately $3,964.33.

19.     On or about April 26, 2002, defendants LAWRENCE MARABLE and DEBORAH POWELL, without authorization from Local 1793 and without documentation to support any expenditure on behalf of Local 1793, issued a check from Local 1793's business checking account to defendant MARABLE for $400.00.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.    Paragraphs 1 through 13 and 15 through 17 of Count One are incorporated here.

      2.    On or about October 5, 2001, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**LAWRENCE MARABLE and
DEBORAH POWELL,**

within the maritime and special territorial jurisdiction of the United States, that is, the VAMC, with intent to steal and purloin, took and carried away, and aided, abetted, and willfully caused the taking and carrying away of, the personal property of another of a value over $1,000, that is, without authorization from Local 1793, deposited a union dues check-off check in the amount of $3,933.00, made payable to AFGE - Local 1793, into the VA Federal Credit Union account of defendant LAWRENCE MARABLE.

      In violation of Title 18, United States Code, Sections 661 and 2.

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

       1.      Paragraphs 1 through 13 and 15 through 17 of Count One are incorporated here.

       2.      On or about October 31, 2001, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**LAWRENCE MARABLE and
DEBORAH POWELL,**

within the maritime and special territorial jurisdiction of the United States, that is, the VAMC, with intent to steal and purloin, took and carried away, and aided, abetted, and willfully caused the taking and carrying away of, the personal property of another of a value over $1,000, that is, without authorization from Local 1793, deposited a union dues check-off check in the amount of $3,910.00, made payable to AFGE - Local 1793, into the VA Federal Credit Union account of defendant LAWRENCE MARABLE.

       In violation of Title 18, United States Code, Sections 661 and 2.

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.      Paragraphs 1 through 13 and 15 through 17 of Count One are incorporated here.

      2.      On or about November 28, 2001, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**LAWRENCE MARABLE and**
**DEBORAH POWELL,**

within the maritime and special territorial jurisdiction of the United States, that is, the VAMC, with intent to steal and purloin, took and carried away, and aided, abetted and willfully caused the taking and carrying away of, the personal property of another of a value over $1,000, that is, without authorization from Local 1793, deposited a union dues check-off check in the amount of $3,910.00, made payable to AFGE - Local 1793, into the VA Federal Credit Union account  of defendant LAWRENCE MARABLE.

      In violation of Title 18, United States Code, Sections 661 and 2.

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

       1.     Paragraphs 1 through 13 and 15 through 17 of Count One are incorporated here.

       2.     On or about December 18, 2001, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**LAWRENCE MARABLE and
DEBORAH POWELL,**

within the maritime and special territorial jurisdiction of the United States, that is, the VAMC, with intent to steal and purloin, took and carried away, and aided, abetted, and willfully caused the taking and carrying away of, the personal property of another of a value over $1,000, that is, without authorization from Local 1793, deposited a union dues check-off check in the amount of $3,921.50, made payable to AFGE - Local 1793, into VA Federal Credit Union account of defendant DEBORAH POWELL.

       In violation of Title 18, United States Code, Sections 661 and 2.

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES THAT:**

        1.    Paragraphs 1 through 13 and 15 through 17 of Count One are incorporated here.

        2.    On or about March 22, 2002, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**LAWRENCE MARABLE and**
**DEBORAH POWELL,**

within the maritime and special territorial jurisdiction of the United States, that is, the VAMC, with intent to steal and purloin, took and carried away, and aided, abetted, and willfully caused the taking and carrying away of, the personal property of another of a value over $1,000, that is, without authorization from Local 1793, deposited a union dues check-off check in the amount of $4,002.00, made payable to AFGE - Local 1793, into the VA Federal Credit Union account of defendant LAWRENCE MARABLE.

        In violation of Title 18, United States Code, Sections 661 and 2.

## COUNT SEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

        1.       Paragraphs 1 through 13 and 15 through 17 of Count One are incorporated here.

        2.       On or about April 18, 2002, in Philadelphia, in the Eastern District of Pennsylvania, defendants

**LAWRENCE MARABLE and
DEBORAH POWELL,**

in a matter within the jurisdiction of the Department of Labor, an agency of the executive branch of the United States, knowingly and willfully made materially false and fraudulent statements and representations in that defendants LAWRENCE MARABLE and DEBORAH POWELL falsely stated the assets and expenditures of Local 1793 on Form LM-3, Labor Organization Annual Report, by stating that the cash held by Local 1793 as of December 31, 2001 was $45,930.00, when defendants MARABLE and POWELL knew that the cash held by Local 1793 at that time was approximately $3,964.33 as a result of their theft of funds from Local 1793.

        In violation of Title 18, United States Code, Section 1001.

                      **A TRUE BILL:**


                      _____

                      **GRAND JURY FOREPERSON**


_____

**PATRICK L. MEEHAN
UNITED STATES ATTORNEY**